UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DETRICK CURTIS CONERLY, JOHN CRUZ MENO, MICHAEL AARON BONNER, and MICHAEL GRIFFITH,<br><br>    Petitioners,<br><br>v.<br><br>PARAN LLP,<br><br>    Respondents. | Case No. 1:19-cv-00043-DCN<br><br>**INITIAL REVIEW ORDER** |

Petitioner Detrick Conerly has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 on behalf of himself and three other persons, John Cruz Meno, Michael Aaron Bonner, and Michael Griffith. This case was reassigned to this Court for lack of all parties' jurisdictional consent to a United States magistrate judge. Dkt. 9. Having reviewed the Petition, the Court enters the following Order.

## REVIEW OF PETITION

1. **Factual Background**

Petitioners asserts that they filed in the Ada County, Idaho state court—for the purpose of obtaining full faith and credit—two state judgments from the Court of Common Pleas in Westmoreland County, Pennsylvania. The Pennsylvania cases are entitled "Bonner, Conerly and Cruz Meno v. Paran LLP." However, the Ada County judges presiding over those matters revoked Petitioner's registration of the foreign

judgments in Idaho because the foreign judgments were not properly authenticated as valid judgments. Dkt. 3-1, pp. 11, 16. In addition, Ada County Magistrate Judge David Manweiler entered an "Order Prohibiting Additional Filings" in the case after Petitioners' appeal was dismissed as frivolous. Dkt. 3-1, p. 56.)

Seemingly unrelated to his actions against Paran LLP, Petitioners also attach to the pleading several exhibits showing that he attempted to have a writ of execution issued on an alleged judgment in his favor entered against Chase Bank for the sum of $2,526,780,000.00.

Petitioner is being held in an Idaho state prison under an Idaho state conviction. He asserts that he and Petitioner Michael Griffith are "sovereign." Dkt. 3, p. 3. Because they are "sovereign," he asserts, they must be released from incarceration immediately, because the criminal statutes of Idaho apply only to "persons," not "sovereigns." *Id*. Petitioner asserts that, because subject matter jurisdiction can be challenged in *any* court, he, John Meno Cruz, and Michael Aaron Bonner should be permitted to challenge their Idaho state court convictions. Only Conerly and Bonner have signed the Petition. Only Conerly has submitted an application for in forma pauperis status.

2. **Standard of Law**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. *See* Rule 4 of the Rules Governing Section

2254 Cases. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id*.

3. **Discussion of Petitioners' Foreign Judgment Claims**

Petitioner has attached many pages of legal documents from his Pennsylvania cases. However, as the Idaho state court found, none is a certified judgment. Rather, the documents are nonsensical and do not show that anyone owes Petitioners anything. For example, Petitioners' "Judgment by Confession" states that Defendants give general power of attorney to Plaintiffs that permits them power over "[a]ll the accounts, assets, intangible or otherwise" of Defendants and gives Petitioners authority to enter into contracts on behalf of Defendants. Dkt. 4-1, p. 11. Further, the Judgment states that, because Petitioners are "sovereigns," "no one can obtain subject matter jurisdiction over [them] without their expressed consent," and "[a]nyone who restricts [their] liberty will be charged twenty-five thousand dollars U.S. (lawful money) for every twenty three minutes of restriction of liberty in any form." *Id*.

Even if Petitioners' civil judgments were enforceable, they have selected the wrong procedural vehicle for enforcement. A habeas corpus case brought under 28 U.S.C. § 2254 is a limited cause of action designed for challenges to state criminal convictions and sentences.

For all of the above reasons, Petitioners' claims for enforcement of foreign judgments will be dismissed. Because the claims are frivolous, they will be dismissed with prejudice.

### 4. Discussion of Petitioners' Claims for Invalidation of Idaho Convictions

While habeas corpus is the proper procedural vehicle to challenge a state court conviction, Petitioners cannot proceed on their claims unless they each file a separate amended petition. Because exhaustion of state court remedies is a mandatory prerequisite, each amended petition must provide facts showing that the federal claims asserted in the federal petition were properly presented to the state courts, including the Idaho Supreme Court. Each amended petition must state the facts of the conviction, including the date of conviction, the crime of which he was convicted, the court in which he was convicted, and the sentence pronounced. To show exhaustion, each petition must state whether the petitioner pursued a direct appeal and a post-conviction action, state which federal claims were presented in each, state when the actions began and ended, and state the outcome of the actions.

Currently, the challenge to the Idaho convictions presented in the petition is frivolous and subject to dismissal. Petitioners rely on their "sovereign citizen" theory, an invalid legal argument that originated in the context of tax protests and is generally advanced to challenge state and federal laws and judgments. This theory—in all its various forms—has been rejected consistently by the courts. *See United States v. Sloan*, 939 F.2d 499 (7th Cir. 1991) (concluding that plaintiff's argument that he was a citizen of the state of Indiana, but not a citizen of the United States and therefore not subject to its laws, was "simply wrong"); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (concluding that defendant's argument that he was a citizen of the "Republic of Idaho" and not a U.S. citizen and therefore outside the jurisdiction of the United States was

"completely without merit" and "patently frivolous"); *U.S. v. Delatorre*, 2008 WL 312647, at *2 (N.D. Ill. 2008) (observing that the "Court's jurisdiction over Mr. Delatorre remains valid whether his name is written in all capital letters or a mix of capital and lower case letters, or whether he identifies himself as: a 'real flesh and blood man, in his private capacity'; a 'sovereign secured party creditor'; a debtor; the 'authorized representative of the corporate fiction-entity/debtor identified as Fernando Delatorre'; or 'third party intervenor on behalf of Defendant/Debtor Fernando Delatorre.'"); *see also* Francis X. Sullivan, *The "Usurping Octopus of Jurisdictional Authority": The Legal Theories of the Sovereign Citizen Movement,* 1999 Wis. L. Rev. 785.

There is no authority for Petitioners' legal theory that the Idaho courts did not have jurisdiction over them because Petitioners consider themselves "sovereigns" rather than "persons." Because Petitioners' sovereign citizen theory is without merit, this case is subject to dismissal. Should Petitioners desire to file separate amended petitions based on a valid legal theory, they may do so within 30 days after entry of this Order.

## ORDER

**IT IS ORDERED:**

1. Petitioner Detrick Conerly's Application to Proceed in Forma Pauperis (Dkt. 1) is GRANTED.

2. Petitioner's Motion for Full Faith and Credit (Dkt. 4) is DENIED.

3. Petitioners' claims arising from their Pennsylvania state court actions are DISMISSED with prejudice as frivolous.

4. Petitioners may each submit a separate amended petition based on a valid legal theory within 30 days after entry of this Order. Each must pay the $5 filing fee or submit an in forma pauperis application to take financial responsibility for their filing. Should Petitioners choose to file amended petitions, the Clerk of Court shall file Conerly's amended petition in this case, and each other petitioner's amended petition in a separate new case. Failure to file amended petitions will result in dismissal of this entire action.

DATED: August 14, 2019

_____
David C. Nye
Chief U.S. District Court Judge